UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| REX GARD, | CIV 14-4179 |
| Plaintiff, | |
| vs. | |
| | ORDER |
| BOB DOOLEY, Chief Warden, individual and official capacity; DENNIS KAEMINGK, Secretary of Corrections, individual and official capacity; DR. MARY CARPENTER, Regional Director, South Dakota Dept. of Health, Correctional Health Services, individual and official capacity; GEORGE DEGLMAN, Unit Manager, individual and official capacity; TAMMY DeJONG, Unit Staff, individual and official capacity; KELLY SWANSON, Nurse Supervisor, individual and official capacity; OTHER DEPARTMENT OF CORRECTIONS AND DEPARTMENT OF HEALTH STAFF, unknown to me at this time, each in their individual and official capacities, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Rex Gard on September 14, 2015, filed a Motion to Withdraw Complaint, Doc. 21. That Motion follows the entry of this Court's Order of September 3, 2015, denying Plaintiff's Motion to Amend Complaint. The Court's Order of September 3, 2015 indicated that both the initial Complaint as well as the Amended Complaint failed to state a cause of action. Prior to that, the Magistrate Judge on March 31, 2015, entered an 18-page opinion recommending that the initial Complaint be dismissed without prejudice for failure to state a claim upon which relief can be

granted. This Court has already conducted a *de novo* review of the initial Complaint in order to be able to enter its Order of September 3, 2015. On June 11, 2015 the Court also granted an extension to October 1, 2015 for Plaintiff Gard to file his objections to the Report and Recommendation.

After considering the circumstances in this case, rather than dismiss the case for failure to state a claim, the Court will allow Gard to withdraw his lawsuit. Rule 41 of the Federal Rules of Civil Procedure sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed.R.Civ.P. 41(a). Because an answer has not yet been filed in the present case, the Court will allow Gard to voluntarily withdraw his Complaint and the case will not count as a PLRA strike.[1] *See, e.g., Tolbert v. Stevenson*, 635 F.3d 646, 654 (4th Cir. 2011) ("Because a voluntary dismissal is not one of the grounds listed in § 1915(g), these actions do not count as strikes.").

Gard will remain responsible to pay the entire filing fee for this lawsuit. The Prison Litigation Reform Act states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an

---

[1] The Prison Litigation Reform Act created what is called a "three strikes" rule to limit the number of lawsuits brought by prisoners with a history of meritless litigation. Under that provision, a prisoner seeking IFP status may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

2

>initial partial filing fee of 20 percent of the greater of-
>(A) the average monthly deposits to the prisoner's account; or
>the average monthly balance in the prisoner's account for the 6–month period immediately proceeding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Section 1915 does not provide any authority or mechanism for the Court to waive the payment of Gard's filing fee, or to return the filing fee after dismissal of an action. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir. 2001) (inmates who proceeded pro se and in forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* at 261. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion to Withdraw Complaint, Doc. 21, is granted.

2. That this case will be dismissed without prejudice based on Plaintiff's voluntary withdrawal of the Complaint, and the dismissal will not be counted as a strike under 28 U.S.C. § 1915(g).

3. That Plaintiff remains responsible to pay the District Court as set forth in the Court's previous Orders.

4. That the Magistrate's Report and Recommendation, Doc. 11, is moot.

Dated this 25th day of September, 2015.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Walker
DEPUTY

3